**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KISCHER L. C., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 21 C 1350 |
| | ) |
| KILOLO KIJAKAZI, Acting | )   Magistrate Judge Finnegan |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Plaintiff Kischer L. C. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing motion for summary judgment in support of affirming the decision. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

**BACKGROUND**

Plaintiff protectively applied for DIB and SSI on July 19, 2018, alleging in both applications that she became disabled on July 13, 2018, due to depression, asthma, arthritis, chronic obstructive pulmonary disease ("COPD"), arthropathy, hyperthyroid with

---

[1]    Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

anorexia, bipolar disorder, personality disorder, post-traumatic stress disorder ("PTSD"), and breast cancer. (R. 120, 223-26, 261). Born in 1969, Plaintiff was nearly 49 years old at the time of her applications, making her a younger person (under age 50). (R. 223); 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c). She subsequently changed age categories to a person closely approaching advanced age (age 50-54). 20 C.F.R. § 404.1563(d); 20 C.F.R. § 416.963(d). Plaintiff lives in an apartment with her two adult daughters and has a high school diploma. (R. 19-20, 262). She spent approximately 21 years as a retail store manager before going to work as a server and cook in her mother's restaurant in 2007. (R. 23-25, 263). Plaintiff stopped working on July 1, 2015 due to her conditions and has not engaged in any substantial gainful activity since that date. (R. 262).

The Social Security Administration denied Plaintiff's applications initially on June 11, 2019, and again upon reconsideration on January 23, 2020. (R. 55-116). Plaintiff filed a timely request for a hearing and appeared before administrative law judge Jordan Garelick (the "ALJ") on August 6, 2020. (R. 12). The ALJ heard testimony from Plaintiff, who was represented by counsel, and from vocational expert Jacqueline Bethell (the "VE"). (R. 14-54). On September 22, 2020, the ALJ found that Plaintiff's COPD; other retinal disorders; spine disorders; and depressive, bipolar, and related disorders are severe impairments, but that they do not alone or in combination meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 123-24). After reviewing the evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work involving: frequent climbing of ladders, ropes, scaffolds, ramps, and stairs; frequent balancing, stooping, crouching, and crawling; no

concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases; and no concentrated exposure to chemicals, moving machinery, and unprotected heights. In addition, Plaintiff can have no more than occasional interaction with the public and coworkers. (R. 125-28).

The ALJ accepted the VE's testimony that a person with Plaintiff's background and RFC could perform Plaintiff's past relevant work as a food server. (R. 128-29). The ALJ also agreed with the VE's testimony that Plaintiff can perform a significant number of other jobs available in the national economy, including sales attendant, order clerk, and office helper. (R. 129-30). As a result, the ALJ concluded that Plaintiff was not disabled at any time from the July 13, 2018, alleged disability onset date through the date of the decision. (R. 130). The Appeals Council denied Plaintiff's request for review on January 6, 2021. (R. 1-5). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. §§ 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, Plaintiff argues that the ALJ: (1) erred in evaluating the opinion from her treating family medicine doctor Migdonia Delossantos, M.D.; (2) improperly evaluated her mental impairments; (3) made a flawed RFC determination; and (4) found her capable of jobs that are inconsistent with the RFC. Plaintiff also argues that the decision in this case is constitutionally defective because it violates the separation of powers clause. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of Plaintiff's mental functioning.

**DISCUSSION**

**A.     Standard of Review**

Judicial review of the Commissioner's final decision is authorized by the Social Security Act.  42 U.S.C. §§ 405(g), 1383(c)(3).  In reviewing this decision, the Court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security regulations.  *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).  Nor may it "'displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations.'"  *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)).  *See also L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1151-52 (7th Cir. 2019).  The Court "will reverse an ALJ's determination only when it is not supported by substantial evidence, meaning 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2013); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

In making its determination, the Court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to her conclusion that the claimant is not disabled."  *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)).  The ALJ need not, however, "'provide a complete written evaluation of every piece of testimony and evidence.'"  *Pepper*, 712 F.3d at 362 (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted)).  When the ALJ's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required."  *Hopgood ex*

4

*rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

**B.     Five-Step Inquiry**

To recover DIB or SSI, a claimant must establish that she is disabled within the meaning of the Social Security Act.[2]  *Shewmake v. Colvin*, No. 15 C 6734, 2016 WL 6948380, at *1 (N.D. Ill. Nov. 28, 2016).  A claimant is disabled if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a).  In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (citing 20 C.F.R. § 404.1520).  If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five.  *Moore v. Astrue*, 851 F. Supp. 2d 1131, 1139-40 (N.D. Ill. 2012).

---

[2]     Because the regulations governing DIB and SSI are substantially identical, for ease of reference, only the DIB regulations are cited herein.

5

**C.      Analysis**

   **1.      Mental RFC**

Plaintiff argues that the case must be reversed or remanded because the RFC fails to properly account for her mental limitations. A claimant's RFC is the maximum work that she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012). *See also* 20 C.F.R. § 404.1527(f)(2). "Both the RFC assessment and the hypothetical question posed to the [VE] must include all of a claimant's limitations supported by the medical record." *Joshua J. H. v. Kijakazi*, No. 21 C 837, 2022 WL 2905673, at *2 (N.D. Ill. July 22, 2022).

The ALJ found that Plaintiff's depressive, bipolar, and related disorders are severe impairments that cause moderate limitations in interacting with others. (R. 123-24). As the ALJ explained, Plaintiff is able to live with family, shop in stores, attend church, spend time with her grandchildren, and cooperate during medical exams, but she also reported having problems getting along with other people, does not like going out, and regularly presented with a tearful affect. (R. 124). To accommodate these difficulties, the ALJ restricted Plaintiff to work involving only occasional interaction with the public and coworkers. (R. 125). Plaintiff argues that this RFC is flawed because it fails to address her ability to interact with supervisors. (Doc. 15, at 8; Doc. 22, at 5). The Court agrees.

"[A]n ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769,

6

774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)). Here, the ALJ did not provide any explanation for why Plaintiff can interact with the public and coworkers only occasionally but has no restriction in her ability to interact with supervisors. The Commissioner concedes the omission but argues that it is a mere "clerical error" because "the term coworkers can reasonably be read to encompass supervisors." (Doc. 21, at 7). This argument is unavailing given that the regulations themselves do not view the terms as interchangeable and expressly distinguish between a claimant's ability to "respond appropriately to supervision [and to] coworkers." SSR 85-15, 1985 WL 56857, at *4. In addition, the ALJ did not mention supervisors in the hypothetical questions posed to the VE or in any way indicate that he was including supervisors within the term coworkers. (R. 49-50). In such circumstances, the Court cannot be certain that either the ALJ or the VE properly considered Plaintiff's ability to interact with supervisors as the Commissioner suggests.

There is likewise no merit to the Commissioner's assertion that the ALJ built a logical bridge between the State agency reviewers' opinions and the mental RFC. (Doc. 21, at 6). Tyrone Hollerauer, Psy.D., and R. Leon Jackson, Ph.D., both concluded that Plaintiff's mental impairments are non-severe and cause no more than mild limitations. (R. 60-61, 74-75, 91-92, 106-07). The ALJ found these opinions "not persuasive," stating that they were "unsupported by more recently submitted treatment notes showing intermittently depressed and somber mood, sullen and sad affect, and complaints of auditory hallucinations that did not bother her, and hearing testimony regarding difficulty being around others," which all supported moderate social limitations. (R. 128). Again, there is no explanation for why Plaintiff needs to limit her contact with the public and

7

coworkers but not supervisors. Notably, the ALJ also found unpersuasive a January 31, 2020 opinion from Michelle Barraco Hatchett, LCPC, that Plaintiff cannot interact with the public at all and can have only occasional interaction with both coworkers and supervisors. (R. 128, 572). The decision contains no rationale for why the ALJ incorporated one of these restrictions into the RFC and not the others.

The Court offers no opinion as to the extent and limiting effects of Plaintiff's social difficulties. Viewing the record as a whole, however, the ALJ failed to provide adequate support for his conclusion that Plaintiff's moderate limitations in interacting with others do not extend to supervisors. The decision is thus not supported by substantial evidence and must be remanded for further consideration of this issue.

### 2. Remaining Arguments

Having determined that remand is appropriate, the Court declines to reach Plaintiff's separation of powers argument under the doctrine of constitutional avoidance. *Judy M. v. Kijakazi*, __ F. Supp. 3d __, 2023 WL 2301448, at *6 (N.D. Ill. Feb. 28, 2023) (collecting cases). The Court likewise makes no finding of specific error with respect to Plaintiff's remaining arguments. However, the ALJ should take the opportunity to reconsider some of his other conclusions on remand. For example, in the bolded recitation of the RFC, the ALJ found Plaintiff capable of light work with certain postural and environmental limitations. (R. 125). Elsewhere in the decision, however, the ALJ indicated that Plaintiff is limited to "a reduced range of light, *unskilled* work." (R. 127) (emphasis added). The distinction matters because the ALJ determined that Plaintiff can perform her past relevant work as a food server, which is semi-skilled. (R. 48, 128-29). Though the ALJ went on to find Plaintiff capable of other representative jobs in the

8

national economy, he should clarify whether Plaintiff can perform her past relevant work and, if appropriate, obtain testimony from a VE to ensure that there are a significant number of jobs available to a person with Plaintiff's skill level and social limitations.

The ALJ should also review the opinion from Dr. Migdonia Delossantos and better articulate his reasons for finding it not persuasive. (R. 127). More specifically, the ALJ stated that the opinion was inconsistent with Plaintiff's "numerous reported activities of daily living" but did not identify the activities he meant. (R. 128). In addition, it is not at all evident why the ALJ concluded that Plaintiff's ability to attend church, read, spend time with grandchildren, wash dishes, and watch television is "inconsistent with her testimony that she could lift no more than a gallon of milk or bag of potatoes, could walk maybe half a block, and was very forgetful." (R. 126). All of these issues merit further exploration.

## CONCLUSION

For reasons stated above, Plaintiff's request to remand the case is granted, and Defendant's Motion for Summary Judgment [20] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: March 30, 2023

SHEILA FINNEGAN
United States Magistrate Judge

9